**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

Joyce Bradley, *on behalf of herself
and all others similarly situated*,
    Plaintiff

Case No.

v.

Columbia Collectors, Inc.,
    Defendant

___

**COMPLAINT AND JURY DEMAND**
___

**NATURE OF ACTION**

1.    Plaintiff Joyce Bradley ("Plaintiff") brings this putative class action against Defendant Columbia Collectors, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION, STANDING, AND VENUE**

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the

protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

7. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

8. In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

9. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are

2

targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

10. "[T]he FDCPA does not ask the subjective question of whether an individual plaintiff was actually misled by a communication. Rather, it asks the objective question of whether the hypothetical least sophisticated debtor would likely have been misled." *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 775 (9th Cir. 2017).

11. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

## PARTIES

12. Plaintiff is a natural person who at all relevant times resided in the State of Oregon, County of Clackamas, and City of Happy Valley.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Defendant is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

16. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

17. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal residential lease (the "Debt").

18. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

19. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated January 3, 2019.

21. A true and correct copy of Defendant's January 3, 2019 letter is attached as Exhibit A.

22. Plaintiff received and read Defendant's January 3, 2019 letter.

23. Defendant's January 3, 2019 letter was Defendant's initial communication with Plaintiff with respect to the Debt.

24. The January 3, 2019 letter purported to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a).

25. However, Defendant's January 3, 2019 letter stated, in relevant part: "If the amount owing on the debt referred is not correct as shown or you do not owe this bill, and if you advise us of these facts after the receipt of notice, we will obtain verification of the debt and the amount due from the creditor and mail it to you." Exhibit A.

26. This statement fails to inform Plaintiff that any dispute of the Debt must be made in writing and within thirty days of receiving the letter in order to trigger Defendant's obligation to obtain and mail verification of the Debt. *See* 15 U.S.C. § 1692g(a)(4).

27. Defendant's January 3, 2019 letter further stated, in relevant part: "Also upon your request within 30 days, we will provide you with the name and address of the original creditor if different from that shown." Exhibit A.

28. This statement fails to inform Plaintiff that any request for the name and address of the original creditor must be made in writing and within thirty days of *receipt* of Defendant's January 3, 2019 letter. *See* 15 U.S.C. § 1692g(a)(5).

29. Defendant's January 3, 2019 letter further stated, in relevant part: "If you do not advise us within 30 days, we will assume that this debt is valid." Exhibit A.

30. This statement fails to inform Plaintiff of what she must advise Defendant (that she disputes the Debt or any portion of the Debt) in order to prevent Defendant from assuming the Debt is valid and that such dispute must occur within thirty days after *receipt* of the January 3, 2019 letter. *See* 15 U.S.C. § 1692g(a)(3).

## CLASS ALLEGATIONS

31. Plaintiff repeats and re-alleges all factual allegations above.

32. Defendant's January 3, 2019 letter is based on a form or template used to send initial collection letters (the "Template") to consumers purporting to contain the notices required by 15 U.S.C. § 1692g(a).

33. Defendant has used the Template to send initial collection letters to over 40 individuals in the State of Oregon within the year prior to the filing of the original complaint in this matter.

34. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons with an Oregon address to whom Defendant mailed a letter based on the Template within one year before the date of the original complaint in this matter.

35. The proposed class specifically excluded the United States of America, the State of Oregon, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

36. The class is averred to be so numerous that joinder of members is impracticable.

37. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

38. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

39. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

40. Plaintiff's claims are typical of those of the class she seeks to represent.

41. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

42. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

43. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

44. Plaintiff is willing and prepared to serve this Court and the proposed class.

45. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

46. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

47. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

48. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would

necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

51. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(3)

52. Plaintiff repeats and re-alleges each and every factual allegation above.

53. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

54. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

55. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

56. "To satisfy section 1692g's requirements, the notice Congress required must be conveyed effectively to the debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997) (quoting *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir. 1988)) (internal citations omitted); *see also Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) ("When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form.").

57. "Sections 1692g(a)(4), 1692g(a)(5), and 1692g(b) explicitly require written communication, whereas section 1692g(a)(3) plainly does not." *Clark v. Absolute Collection Service, Inc.*, 741 F.3d 487, 490 (4th Cir. 2014); *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

58. Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to meaningfully convey to Plaintiff that unless Plaintiff disputes the validity of the Debt, or any portion thereof, within thirty days after receipt of the initial communication, the Debt will be assumed valid by Defendant.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(3) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000 per Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)

59. Plaintiff repeats and re-alleges each and every factual allegation above.

60. With respect to § 1692g(a)(4)-(5), "[t]he statute is clear. The debt collector "shall" notify the consumer of her right to dispute the debt in writing." *Bishop v. Ross Earle & Bonan,*

*P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016); *see also Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) ("[C]onsumers [must] take the extra step of putting a dispute in writing before claiming the more burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b)."); *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005) (explaining that a consumer can trigger the right to verification "only through written dispute").

61.     Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to meaningfully convey to Plaintiff that a dispute of the Debt, or any portion thereof, must be made in writing and within 30 days of the receipt of its notice in order to obtain verification of the alleged debt or a copy of a judgment against Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(4) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000 per Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

    f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

    h) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)(5)

62. Plaintiff repeats and re-alleges each and every factual allegation above.

63. Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to meaningfully convey to Plaintiff that a request for the name and address of the original creditor must be made in writing.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

    b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(5) with respect to Plaintiff and the class she seeks to represent;

    c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000 per Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

    e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g)  Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

64. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 10, 2019

Respectfully submitted,

s/ Erica C. Glaser
Erica C. Glaser
Erica C. Glaser, Attorney at Law
2612 NE 23rd Ave.
Portland, OR 97212
Telephone: (888) 332-7252
Facsimile: (866) 317-2674
EGlaser@ThompsonConsumerLaw.com
Attorney for Plaintiff

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206